*931 OPINION.
Maequette:
The first question presented, by the taxpayer is whether, under the Revenue Act of 1916, it is entitled to deduct interest paid during the taxable year 1917. It bases its contention upon the provisions of section 12 (a) of the Revenue Act of 1916, allowing as a deduction the amount of interest paid within the year. The facts show that its books were kept and its tax returns were made on the accrual basis.
The Board has had occasion to pass directly upon the principle here involved in Appeal of Tel-Electric Co., 1 B. T. A. 434, and Appeal of North Wayne Tool Co., 2 B. T. A. 366, wherein it has been held that a taxpayer keeping its books of account upon an accrual basis and, under the provisions of section 13 (d) of the Revende Act of 1916, electing to make its returns on that basis, can not deduct from the gross income of 1917, although paid in that year, interest which accrued and became a liability in years prior thereto. The reason for this is that the provisions of section 13 (d) give the taxpayer an option, where its books are kept on a basis other than that of cash receipts and disbursements, to make its returns on the basis upon which its books are kept, provided such basis clearly reflects the income. The taxpayer herein, having kept its books on the accrual basis and having elected to make its returns on that basis, can not now be heard to say that it should be permitted to deduct interest paid within that year. The provisions of sections 12 (a) and 13 (d) must be read together. In the recent decision of the Supreme Court in United States v. Anderson, 269 U. S. 422, decided January 4, 1926, the following was said in respect of those sections:
While § 12(a) taken by itself would appear to require the income tax return to be made on the basis of actual receipts and disbursements, it is to be read with § 13(d) which we have quoted and which obviously limits in some respects the operation of § 12(a) by providing in substance that a corporation keeping its books on a basis other than receipts and disbursements, may make its return on that basis provided it is one which reflects income.
Standing by themselves and taken at their face value, these sections would seem to require the taxpayer to make his return on the basis of receipts and disbursements or, in the alternative, on the basis of its own books of account if they reflect true income, under such regulations as the Commissioner may make, and indeed to require the latter alternative if the taxpayer is unable io make his return on that basis.
*932 In respect of the year 1917, we are of opinion that the Commissioner properly required the taxpayer to deduct interest on its-indebtedness which accrued during that year, and that, with respect to the year 1918, the proper deduction is the amount of interest accrued within the year.
The taxpayer contends, however, that as the interest became due- and payable by the terms of the notes on January 22 in each year, it was not accrued until that date. The Board has had occasion to consider the question of when interest accrues and has held that interest is an expense which accrues ratably over an elapsed period of time. Appeal of Chatham & Phenix National Bank, 1 B. T. A. 460; Appeal of Cumberland Glass Manufacturing Co., 2 B. T. A. 1122. The Commissioner, therefore, correctly accrued the interest to December 31 of each year.
The taxpayer and the Commissioner have stipulated that the issue with respect to the sale of turpentine rights shall be determined in accordance with a memorandum of the Engineer Division of the Income Tax Unit, annexed to the stipulation. In the computation of the tax, the income, if any, for the years in question, with respect to the sale of such rights, will be computed in accordance with such memorandum.
The taxpayer claims the right to special relief under the provisions of section 210 of the Revenue Act of 1917 and section 327 of the Revenue Act of 1918. The evidence presents no ground for relief under section 210, supra. In our opinion, however, the evidence shows such abnormality as to entitle the taxpayer to computation of its taxes for the year 1918 under the provisions of section 328 of the Act of 1918, and the Commissioner’s computation thereunder will be considered final.